IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Western Division

| | | |
|---|---|---|
| PACE LOCAL UNION 5-1967, et al. | ) | Case No. C-1-01 301 |
| | ) | |
| Plaintiffs, | ) | Judge Weber |
| | ) | |
| v. | ) | DEFENDANT'S NOTICE OF |
| | ) | RECENT AUTHORITY |
| INTERNATIONAL PAPER COMPANY, | ) | SUPPORTING MOTION FOR |
| | ) | <u>SUMMARY JUDGMENT</u> |
| | ) | |
| Defendant. | ) | |

Defendant, International Paper Company ("International Paper"), hereby notifies the Court of recent, additional authority which supports International Paper's pending motion for summary judgment. Specifically, International Paper directs the Court's attention to the Sixth Circuit's recent decision in *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444 (6th Cir. 2003)(*copy attached*), which was decided after all parties filed their memoranda concerning International Paper's Motion for Summary Judgment.

In their response to International Paper's Motion for Summary Judgment, PACE Local Union 5-1967 ("PACE") and the other plaintiffs claim that the Effects Bargaining Agreement ("EBA") negotiated between International Paper and PACE is a plan governed by the Employee Retirement Income Security Act ("ERISA"). Plaintiffs further claim that the doctrine of equitable estoppel entitles those who were offered jobs by SMART to severance benefits under the EBA, even though the express terms of the EBA provide that employees are not entitled to the EBA severance benefits if they were offered jobs by SMART. International Paper denies that the EBA is an ERISA plan. However, if it is an ERISA plan as contended by plaintiffs, the

*Marks* case makes it clear that, under Sixth Circuit precedent, plaintiffs cannot rely on the doctrine of estoppel to claim benefits under the EBA.

In *Marks*, the plaintiff made a claim for severance benefits under an ERISA-governed plan. Under the plan, any claim for benefits for suffering a qualifying termination had to be made by October 1, 1998. Plaintiff admitted that he had not made a claim by October 1, 1998, but alleged that he had been constructively discharged prior to October 1, 1998. Plaintiff alleged that the reason he had had not filed for benefits by the deadline was because the defendant had fraudulently represented to him that his job duties were not being reduced, lulling him into not exercising his rights under the plan. The plaintiff argued that the defendant should be estopped from relying on the plan's October 1, 1998 deadline.

While the Court agreed that plaintiff's allegations could establish a *prima facie* case of equitable estoppel, the Court held that the plaintiff could not rely on an estoppel theory to claim severance benefits under the plan. The Court reasoned that "[w]hen a party seeks to estop the application of an unambiguous plan provision, he by necessity argues that he reasonably and justifiably relied on a representation that was inconsistent with the clear terms of the plan." *Marks*, 342 F.3d at 456, citing ***Sprague v. Gen. Motors Corp.*,** 133 F.3d 388, 403 (6th Cir. 1998). The Court further stated "that to allow estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves." Id.

As with the severance plan in *Marks*, the terms for qualifying for severance benefits under the EBA are clear and unambiguous. The EBA provides that severance will only be paid to "[e]mployees who do not receive an employment offer from SMART Papers" and to employees who are "terminated from SMART Papers, through no fault of their own, within

2

eighteen (18) months of the sale date." It is undisputed that none of plaintiffs in the instant matter fit into either of these categories. Therefore, they are not eligible for benefits under the express terms of the EBA.

Assuming *arguendo* that the EBA is an ERISA plan, therefore, **Marks** confirms that, in the Sixth Circuit, plaintiffs cannot rely on an estoppel theory to support their claims for severance benefits under the EBA. Accordingly, and for the reasons stated more fully in International Paper's Motion and previously-filed Memoranda, International Paper submits that the Court should award International Paper summary judgment on plaintiff's claims.

> Respectfully submitted,
>
> INTERNATIONAL PAPER COMPANY
>
> /s Michael A. Roberts
> Counsel

| | |
|---|---|
| Michael Roberts, Esq. | W. Carter Younger, Esq. (admitted *pro hac vice*) |
| **Graydon Head & Ritchey, LLP** | Vincent J. Miraglia, Esq. (admitted *pro hac vice*) |
| 1900 5th 3rd Center | **McGuireWoods LLP** |
| 511 Walnut Street | 1050 Connecticut Avenue |
| Cincinnati, Ohio 45202 | Washington, DC 20036 |
| (513) 629-2799 | (202) 857-1704 |
| (513) 651-3836 – fax | |
| email: mroberts@graydon.com | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed first class, postage prepaid, this ___ day of October 2003 to Robert I. Doggett, 215 East Ninth Street, Sixth Floor, Cincinnati, Ohio 45202.

> /s Michael A. Roberts