## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### Western Division

| | | |
|---|---|---|
| PACE LOCAL UNION 5-1967, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. C-1-01 301 |
| | ) | |
| INTERNATIONAL PAPER COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### INTERNATIONAL PAPER COMPANY'S MEMORANDUM IN SUPPORT OF ITS
### LIMITED OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

In accordance with Fed. R. Civ. P. 72(b), International Paper Company ("International Paper") respectfully files this Objection to the Magistrate's Report and Recommendations ("Report") for the limited purpose of objecting to the Magistrate Judge's determination that the Effects Bargaining Agreement ("EBP") is a plan governed by the Employee Retirement Income Security Act ("ERISA").[1]

As set forth in the Report, the Sixth Circuit Court of Appeals adopted Judge Sandra Beckwith's determination that this same EBP was not an ERISA plan:

> The court held first that the Effects Bargaining Agreement does not represent or constitute a plan under ERISA because it does not require International Paper to exercise sufficient discretion to meet the requirements identified in Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 11, 96 L. Ed. 2d 1, 107 S. Ct. 2211 (1987).

Campbell v. International Paper, No. 02-3658, slip op. at 1-2 (6th Cir. Dec. 2, 2003) (unpublished decision attached).  Campbell arose out of the same Hamilton "B" Street sale as the instant case,

---

[1]    International Paper agrees with the remainder of the Magistrate's Report and Recommendation.

considered the same Effects Bargaining Agreement between the same union (Pace Local 5-1967) and International Paper for the bargaining unit that included both Campbell and Plaintiffs in the instant case.  <u>Campbell</u> raised the same argument by the PACE plaintiffs that the EBP is governed by ERISA.

The Magistrate disagreed with the majority in <u>Campbell</u> and recommended that this Court find that the EBP is an ERISA plan based on the reasoning set forth by Judge Cole in his dissent in <u>Campbell</u>.  <u>Id.</u> at *3.  Judge Cole reasoned, *inter alia*, that because the EBP provided severance for up to 18 months and because the plan provided for continuing medical insurance, it is an ERISA plan.  However, as set forth in International Paper's Motion for Summary Judgment and as held by the District Court in <u>Campbell</u> and upheld by the Sixth Circuit, the EBP required only a simple mechanical determination to provide severance that did not require International Paper to establish an administrative scheme and was therefore not governed by ERISA.  <u>Id.</u> at *2.

International Paper fully agrees with the remainder of the Magistrate's Report and Recommendation, but International Paper files this limited objection to the Magistrate's determination that the EBP is an ERISA plan.  International Paper notes however that under the Magistrate's Report, summary judgment is properly granted against Plaintiffs even if the Court does not agree with International Paper's limited objection.

Respectfully submitted,

INTERNATIONAL PAPER COMPANY


By_____

Counsel


Michael Roberts, Esq.                         W. Carter Younger, Esq. (admitted *pro hac vice*)
**Graydon Head & Ritchey, LLP**               Vincent J. Miraglia, Esq. (admitted *pro hac vice*)
1900 5th 3rd Center                           **McGuireWoods LLP**
511 Walnut Street                             1050 Connecticut Avenue
Cincinnati, Ohio 45202                        Washington, DC 20036
(513) 629-2799                                (202) 856-1704
FAX: (513) 651-3836
EMAIL: mroberts@graydon.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed first class, postage prepaid, this ___ day of January 2004 to:

Robert I. Doggett
215 East Ninth Street, Sixth Floor
Cincinnati, Ohio 45202


_____


3