FILED
DEC 02 2003
LEONARD GREEN, Clerk

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 02-3658

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ELMER L. CAMPBELL,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>INTERNATIONAL PAPER,<br><br>Defendant-Appellee. | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE SOUTHERN<br>DISTRICT OF OHIO<br><br>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION<br>Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced. |

BEFORE: NORRIS, BATCHELDER and COLE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff Elmer Campbell appeals the district court's order dismissing Campbell's action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, seeking severance pay and other benefits to which Campbell claims he is entitled under an Effects Bargaining Agreement between International Paper Company and Campbell's local union. The district court granted International Paper's Fed. R. Civ. Pro. 12(b)(6) motion and dismissed the action. The court held first that the Effects Bargaining Agreement does not represent or constitute a plan under ERISA because it does not require International Paper to exercise sufficient discretion to meet the requirements identified in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11 (1987). Further, the district court held that even if the Agreement were determined to be an ERISA plan, Campbell failed to state a claim upon which relief could be granted because he did not allege facts that would entitle him to severance benefits under the Agreement.

No. 02-3658
*Campbell v. International Paper*

Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we conclude that the district court's order thoroughly and accurately sets out both the undisputed facts and the governing law and clearly articulates the reasons underlying its decision. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we AFFIRM the judgment on the basis of the district court's well-reasoned opinion.

No. 02-3658
*Campbell v. International Paper*

**R. GUY COLE, JR., Circuit Judge, dissenting.** The district court opinion – which the majority now adopts in full – is incorrect not only in its ultimate legal conclusions but also in its analytical underpinnings. The district court's opinion ignores this Circuit's binding precedent concerning what constitutes an ERISA "plan" and instead relies on inapposite cases from other circuits. Moreover, the district court and the majority have imposed upon Campbell a higher pleading standard than required by the Federal Rules of Civil Procedure and the Supreme Court. When the agreement at issue is analyzed in light of this Circuit's case law and when Campbell's complaint is analyzed pursuant to the proper procedural standards, the proper conclusions are that the agreement at issue is an ERISA plan and Campbell sufficiently stated a claim for relief.

As the majority explained, the district court granted International Paper's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the Effects Bargaining Agreement did not constitute an ERISA "plan" pursuant to 8 U.S.C. § 1140[1] and in the alternative, on the ground that even if the Agreement was an ERISA plan, Campbell failed to state a claim upon which relief can be granted.

A brief recitation of the facts is in order. Because the underlying motion was brought pursuant to Rule 12, we consider the facts in the light most favorable to the non-moving party. Plaintiff Elmer Campbell was separated from his employment with defendant, International Paper, when the plant where he had worked for over twenty-five years closed. In anticipation of the plant's

---

[1] As a procedural matter, where the sole basis for federal subject matter jurisdiction is ERISA but the evidence fails to establish the existence of an ERISA plan, the case should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), not for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

3

No. 02-3658
*Campbell v. International Paper*

closing, Campbell's union negotiated the Effects Bargaining Agreement (the "Agreement"), which provides severance benefits. Specifically, the Agreement provided that employees who did not receive an employment offer from Smart Papers – International Paper's successor – would be paid "60 hours pay at the rate of their current permanent classification . . . on the date of sale for each full and pro-rata year of continuous service with International Paper." Those employees who received an employment offer from Smart Papers are not entitled to such severance pay "unless they are terminated from Smart Papers, through no fault of their own," within eighteen months of the sale date. The Agreement also provides for the continuation of medical and life insurance; retiree life insurance; sickness, accident, and long term disability coverage; and retiree medical benefits. Finally, the Agreement provides for professional re-employment assistance and financial planning services: "State and local agencies will be utilized to identify employment opportunities for interested employees. Assistance with resume preparation will be provided. . . . The company will provide financial group counseling sessions by a certified financial planner."

When International Paper's plant closed, Campbell received and accepted an offer of employment from Smart Papers. However, after working there for fewer than eighteen months, Campbell left his employment because he was "unable to perform the essential functions of his position." In his complaint, Campbell contends that the circumstances surrounding his departure amounted to constructive termination – occurring "through no fault of his own" – and that therefore, he is entitled to severance benefits pursuant to the Agreement.

The legal standards for determining whether a severance agreement constitutes an ERISA plan are well-established by the Supreme Court. The decisive inquiry is whether the agreement

4

No. 02-3658
*Campbell v. International Paper*

"requires an ongoing administrative program to meet the employer's obligation." *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11 (1987). ERISA is implicated when a severance plan places "periodic demands on [an employer's] assets that create a need for financial coordination and control." *Id.* at 12. In *Fort Halifax*, the Supreme Court analyzed a Maine statute that required employers who shut down operations to make one-time severance payments to their employees. The Supreme Court held that although the one-time payment constituted a *benefit*, it did not constitute a *benefit plan* implicating ERISA. "The requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation." *Id.*

Puzzlingly, the district court altogether failed to analyze the Agreement at issue in light of this Circuit's application of the *Fort Halifax* standard. *See Sherrod v. General Motors Corp.*, 33 F.3d 636 (6th Cir. 1994) (Norris, J.); *Shahid v. Ford Motor Corp.*, 76 F.3d 1404 (6th Cir. 1996) (Batchelder, J., joining in opinion of the court). In *Sherrod*, this Court concluded that a benefit option implemented pursuant to a collective bargaining agreement – under which GM employees could elect to receive a one-time, lump-sum payment if they voluntarily ceased working at the plant and relinquished their seniority rights – was not an ERISA plan because the plan was neither ongoing nor required continuing administration of the payment program. As in *Fort Halifax*, the payment in *Sherrod* did not require the company to monitor its financial health and budget for any future disbursements; the employer could satisfy its duty under the benefit option all at once, by making a single set of payments to employees at the time of their departure. By contrast, in *Shahid*, this Court determined that a voluntary termination agreement was an ERISA plan where components of

5

No. 02-3658
*Campbell v. International Paper*

the agreement included substantial severance payments, professional re-employment assistance, the continuation of medical and life insurance coverage for up to one year, and retirement "grow in" provisions. Because the plan would make periodic demands on Ford's corporate assets, this Court ruled that the agreement in *Shahid* implicated ERISA.

As in *Shahid,* the Agreement in this case provides for substantial severance payments, the continuation of medical and life insurance coverage, and professional re-employment assistance. Furthermore, while the severance schemes in *Fort Halifax* and *Sherrod* did not have the potential to make periodic demands on the employer's assets, the Agreement at issue here clearly does – the Agreement contemplates a need for processing requests for benefits and making severance payments for up to eighteen months after the plant's sale date. In short, the Agreement here looks much more like *Shahid* than like those in *Fort Halifax* and *Sherrod.* As such – pursuant to the binding precedent of this Circuit – the Agreement should be considered an ERISA plan.

In any event, the Agreement is certainly not "strikingly similar" to that in the Eighth Circuit's opinion in *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254 (8th Cir. 1994) – as the district court stated and the majority now endorses. *Kulinski* involved a "golden parachute" plan for a single executive. The employer agreed to provide Kulinski with severance benefits if, within one year of a hostile takeover, he was either terminated or he resigned for "good reason." The agreement explicitly gave Kulinski "the unfettered discretion to decide whether good reason existed." *Id.* at 258. As the Eighth Circuit noted, "once a hostile takeover occurred and Kulinski resigned his employment for what he regarded as a good reason, there was nothing for the company to decide, no discretion for it to exercise, and nothing for it to do but write a check. The 'plan' contemplated

No. 02-3658
*Campbell v. International Paper*

nothing more." *Id.* By contrast, in the case before us, it is not for the employee to freely determine when he has been "terminated through no fault of [his] own." That determination is left to the discretion of International Paper. Moreover, once that decision has been made, it is simply not the case that "[t]he 'plan' contemplated nothing more," as in *Kulinski*. The Agreement here contemplates – among other things – the continuation of various forms of insurance, long-term disability coverage, and professional re-employment assistance. Accordingly, the district court's reliance on *Kulinski* is simply misplaced.

Moreover, the overwhelming majority of courts – including this one – have concluded that where the reason for termination is relevant to an employee's eligibility for severance benefits, the agreement is an ERISA plan because such a determination requires the exercise of some managerial discretion. *See, e.g. Franklin v. Pitney Bowes, Inc.*, 919 F.2d 45 (6th Cir. 1990) (where policy provided severance pay to employees who were terminated without cause, court assumed - without deciding - that the unwritten severance policy was an ERISA plan); *Emmenegger v. Bull Moose Tube Co.*, 197 F.3d 929 (8th Cir. 1999) (severance policy was an ERISA plan where no single event triggered a one-time payment of benefits and where benefits would only be paid to employees who gave "excellent service" and were not terminated for disciplinary reasons), *cert. denied*, ___ S. Ct. ___, 2003 WL 21782148 (Oct. 14, 2003); *Schonholz v. Long Island Jewish Medical Center*, 87 F.3d 72 (2d Cir. 1996) (severance agreement was an ERISA plan where receipt of benefits turned on whether employee was involuntarily terminated).[2]

---

[2]Similarly, courts in the following cases concluded with little or no discussion that the severance agreements in question – all of which denied benefits to employees who were terminated

7

No. 02-3658
*Campbell v. International Paper*

The district court's conclusion that even if the Agreement is an ERISA plan, Campbell failed to state a claim for relief pursuant to 29 U.S.C. § 1140 – also now endorsed without comment by the majority – was also in error. Campbell claimed that he was wrongfully denied severance benefits pursuant to the Agreement after he was terminated from Smart Papers through no fault of his own within eighteen months of the plant's sale date. The pleaded factual basis for his contention was that he was no longer able to perform the essential functions of his job and that the circumstances surrounding that development – which he does not expound upon – constituted constructive termination. Although greater specificity might have been helpful, the Supreme Court recently reaffirmed, in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), that there is no requirement in federal suits to plead the facts or elements of a claim, with the exceptions (inapplicable to this case) listed in Fed. R. Civ. P. 9. In other words, Fed. R. Civ. P. 8(a)(2)'s liberal system of notice pleading governs: Campbell needed to provide no more than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It was therefore sufficient that plaintiff claimed that he was terminated through no fault of his own by virtue of his no longer being able to perform the essential functions of his job due to constructive termination by International Paper. Campbell's complaint satisfied the minimum requirements of notice pleading and we have no basis to impose upon him a higher standard than that required by the Federal Rules.

---

involuntarily, "for cause," or misconduct – constituted an ERISA plan: *Raber v. Southern Ohio Coal Co. Severance Pay Plan*, 106 F.3d 391 (4th Cir. 1997); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647 (7th Cir. 1996); *Reeves v. Continental Equities Corp. of America*, 912 F.2d 37 (2d Cir. 1990).

8

No. 02-3658
*Campbell v. International Paper*

      Because the Agreement at issue was an ERISA plan and because plaintiff sufficiently stated a claim for relief, I respectfully dissent.