FILED
JAMES BONINI
CLERK
04 FEB -6 PM 12: 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PACE LOCAL UNION 5-1967 et al. | : | Case No. C-1-01 301 (WEBER, JUDGE) |
| Plaintiffs | : | (Magistrate Judge Novotny) |
| vs. | : | |
| INTERNATIONAL PAPER COMPANY | : | |
| Defendant | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff previously filed Objections to the Magistrate's Report recommending that Defendant International Paper Company' (herein called IP) motion for summary judgment be granted. IP has filed an objection to the Magistrate's Report determination that the parties' Effects Bargaining Package (EBA) was an ERISA plan.

Although the Report concluded that Plaintiff's evidence was insufficient to establish a violation of ERISA or a breach of contract under 29 USC §185, the Report found that the EBA was an ERISA plan. We respond to IP's objection.

### ARGUMENT

1. <u>The EBA is an ERISA plan.</u> In the first Magistrate's Recommended order which was adopted by the Court (Magistrate's Report 3/20/02, Doc. #27, Order 7/26/02, Doc. 35), the Court concluded that Plaintiffs had stated a claim for violation of contract per 29 USC §185, LMRA §301, and that the Effects Bargaining Package (EBA) severance pay agreement was an "employee welfare benefit plan" within the meaning of ERISA, and that Plaintiffs' ERISA claims were actionable. The Court's first decision (Order 7/26/02, Doc.35) was correct both in finding that

the EBA was an ERISA plan and that Plaintiffs had stated an actionable case for ERISA violation. The present Magistrate's Report agrees with the Court's holding that the EBA is an ERISA plan, but is contrary to the Court's previous holding that Plaintiffs' claims are not actionable. The Report agreed with and essentially adopted the dissenting opinion in Campbell v. International Paper, 02-3658 slip opinion (6th Circuit, 2003) (Cole Dissent). Here, the only issue on IP's objection is whether the EBA is an ERISA plan.

The Effects Bargaining Package (EBA) is an ERISA plan because it provides an administrative scheme for IP administrators to determine whether a former IP employee participant is entitled to severance pay or not, which the undisputed evidence presented show to have been quite complex, and possible entitlement to severance pay was for eighteen months after its effective date in late January, 2001. This was the basis for Judge Cole's dissent in Campbell v. International Paper, 02-3658 slip opinion (6th Circuit, 2003)(Cole Dissent).

The undisputed evidence here shows that numerous employees who were offered jobs by SMART were later "terminated through no fault of their own" as SMART reported to IP and some but not all of these received severance pay. As ERISA administrator, IP had to make complex determinations whether certain employees were not offered jobs by SMART, whether they cooperated in the application and interview process, and for those offered jobs, whether they were later terminated by SMART through no fault of their own. Added to this, IP had to decide if a former employee was entitled

to the medical insurance specified in the EBA and to provide same.

The breach of the IP administrators' fiduciary duty through its own shenanigans and its agent SMART's shenanigans is at the heart of Plaintiffs' claims. Severance pay plans are covered by ERISA. IP relied on Sherrod v. General Motors, 33 F.3d 636 (6th Cir. 1994) to claim that the EBA here is not an ERISA plan, but in Sherrod there was no administrative scheme there as there is here. It is IP's maladministration of the EBA at the center of this dispute, with its decisions on who is entitled to severance pay. In Shahid v. Ford Motor Co., 76 F.3d 1404 (6th Cir. 1996), decided two years after Sherrod, the Sixth Circuit held that a severance pay plan was an ERISA plan, stating:

> "The hallmark of an ERISA benefit plan is that it requires an ongoing administrative program to meet the employer's obligation....[A]n employer's need to create an administrative system may arise where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria."
>
> * * * *
>
> Severance pay plans are included in the definition of 29 USC §1002(1)(B), which refers to section 302(c) of the Labor-Management Relations Act [LMRA, 29 USC §186(c)], to illustrate the types of benefits characterized as employee welfare benefit plans under ERISA. Since section 302(c)(6) describes 'pooled vacation, holiday, severance or similar benefits,' such benefits qualify as employee welfare benefit plans."

Shahid v. Ford Motor Co., 76 F.3d 1404 (6th Cir. 1996).

## CONCLUSION

The errors in the Report have been mostly enumerated and challenged in Plaintiffs' Objections previously filed. But the Report correctly concluded that the EBA is an ERISA plan for the reasons stated. (Report, pp 10-11).

We note that in this Court's decision in <u>Dalesandro v. International Paper Co.</u>, Case C-1-1-109 (Beckwith, Judge) IP supervisors in this same sale have won judgment for their severance pay in an ERISA action. We note in addition that in cases we have cited, the Courts found that the plans or agreements were ERISA plans and that the employer was estopped to enforce the plan's terms. This case cries out for a finding of estoppel against IP because of the covert shenanigans IP employed in cooperation with its agent SMART to pick and choose which employees were favored and which were not. Is, then, the law and cases developed to interpret and apply ERISA so constrictive that genuine cases, bordering on fraud go unremedied? And this in our case, also leaves the separate determination of breach of contract under 29 USC §185.

The Court should adopt the Report's determination that the EBA is an ERISA plan, but otherwise hold that Defendant IP is not entitled to summary judgment and move this case to trial to the Court.

Respectfully submitted,

_____
Robert I. Doggett (0016849)
Trial Attorney for Plaintiffs
6740 Clough Pike, Room 200
Cincinnati, Ohio   45244
Tel: 513/241-6116

## CERTIFICATE OF SERVICE

As provided by the Court's Electronic Policies and Procedure manual, Plaintiff has included with this document a 3.5" disk containing the text of the document on Word Perfect 5.1, convertible to other word processing programs.

The undersigned attorney for Plaintiff certifies that he served a copy of the above document upon Michael A. Roberts, attorney for Defendant, Graydon, Head & Richey, P.O. Box 6464, Cincinnati, Ohio 45202, (FAX 513-651-3836) and upon Vincent J. Miraglia, Esq. and W. Carter Younger, Esq., McGuire Woods, 1050 Connecticut Avenue, N.W., Washington, DC 20036-5317, (FAX 202-828-2990), co-counsel for Defendant, by FAX and first class mail this 6th day of February, 2004.

_____
Robert L. Doggett (0016849)

D#PACE - \PACE1967\IPCASES\CONTRAIP.OB2