UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PACE LOCAL UNION 5-1967 | : | Case No. C-1-01 301 |
| et al. | | (WEBER, JUDGE) |
| Plaintiffs | : | (Magistrate Judge Novotny) |
| vs. | | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S COST BILL** |
| | : | |
| INTERNATIONAL PAPER COMPANY | | |
| | : | Defendant |

Now comes the Plaintiff and objects to Defendant's Cost Bill filed April 5, 2004, for the following items claimed as costs.

**1. Costs of depositions.**  Plaintiff objects to all costs of depositions claimed by Defendant on the grounds that there was no trial and no reading into the record of depositions, further that several of the depositions were used only sparingly in Defendant's motion for summary judgment.

If an award of costs to Defendant is, however, allowed for depositions used in Defendant's motion for summary judgment, the following depositions and costs should not be included in costs taxed to Defendant:

(1) Blackman Detective Agency, for serving deposition subpoenas on Hocutt Phillips and Anetta Johnson.  They were willing partisan witnesses as former managers of IP.  **Cost $100.00**

(2) Depositions of Anetta Johnson and Hocutt Phillips. Former managers of IP, their testimony could have been submitted by affidavit.             **Cost  $432.78**

(3)      Deposition of Tim Bray, 30(b)(6) witness, was used only formally  **Cost  $195.65**

(4)      Deposition of Milton Lewis, was used only sparingly             **Cost  $119.25**

(5) Deposition of Thomas Stewart, was used only sparingly.             **Cost  $ 38.25**

(6) Deposition of George Payton, was used only sparingly.             **Cost  $ 72.00**

| | | |
|---|---|---|
| (7) Deposition of Dan Maheu, was used only sparingly. | | **Cost $ 69.75** |
| Total of above seven claimed costs | | **$ 1027.68** |
| Costs claimed by Defendant | **$3042.56** | |
| Less costs of seven items | **-1027.68** | |
| Net costs if depositions allowed | **$2014.88** | |

**2. Legal authorities**. Allowance of costs for depositions used in trial to the prevailing party is within the discretion of the Court. See White & White v. American Hospital Supply Corp, 786 F.2d 728, 730 (6th Cir. 1986), upholding a total denial of costs to a prevailing party. The Guidelines for Attorneys, Taxation of Court Costs in the Southern District of Ohio, states the policy of this Court to tax as costs only depositions used and read into the record at a hearing or trial. (Guidelines, page 8). With no trial, such costs should not be allowed.   In Morris v. Carnathan, 63 FRD 374, 18 Fed. Rules Serv.2d 1268 (DC Miss, 1974), costs of depositions were not allowed to the prevailing defendant where a depositions was used only sparingly. If costs are allowed where as here there was no trial, that applies in this case.

Many court decisions have denied the taxation of costs of copies of depositions where depositions were held taxable. See Grider v. Kentucky I.T.R. Co., 101 FRD 311 WD Ky 1984); Christian v. Tackett, 86 FRD 220 (ND Miss. 1979); George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985 (ND Ga. 1982); Kelly v. Safeway Stores, 141 FRD 309 (Mont. 1990). Plaintiff objects to Defendant's claims for copies of depositions. Although Plaintiff believes that no deposition expense should be taxed as costs, copies should not be charged.

**3. Conclusion**      For the reasons stated, the Court should not allow as taxable costs to Defendant the costs claimed because there was no trial, but if costs for depositions are allowed on summary judgment, the maximum costs are $2014.88. If copies of depositions are not

allowed (copy costs are not broken down on the bills), that would reduce the costs by $751.00, making the net costs $1263.80.

                                                      Respectfully submitted,

                                                   _s/Robert I. Doggett_____
                                                   Robert I. Doggett (0016849)
                                                   Trial Attorney for Plaintiffs
                                                   6740 Clough Pike, Room 200
                                                   Cincinnati, Ohio   45244
                                                   Tel: 513/241-6116

## CERTIFICATE OF SERVICE

       The undersigned attorney for Plaintiff certifies that he served a copy of the above document upon Michael A. Roberts,  attorney for Defendant, Graydon, Head & Richey, P.O. Box 6464,    Cincinnati, Ohio 45210-6464, upon Vincent J. Miraglia, Esq. International Paper Company Legal Department, 6400 Poplar Avenue, Memphis, TN 38197, and W. Carter Younger, Esq.,  McGuire Woods, 1050 Connecticut Avenue, N.W., Washington, DC 20036-5317, co-counsel for Defendant, by first class mail, postage prepaid, this 9th day of April, 2004.
                                          S/Robert I. Doggett

                                        _____
                                        Robert I. Doggett (0016849)

D#PACE - \PACE1967\IPCASES\OBJECTCO.STS

Michael A. Roberts, Esq.
Graydon, Head & Richey,
P.O. Box 6464
Cincinnati, Ohio 45210-6464

Vincent J. Miraglia, Esq.
International Paper Company
Legal Department
6400 Poplar Avenue
Memphis, TN 38197

W. Carter Younger, Esq.
McGuire Woods
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5317