FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Western Division

04 APR 19 PM 4:06

| | |
|---|---|
| PACE LOCAL UNION 5-1967, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. C-1-01 301 |
| ) | |
| INTERNATIONAL PAPER COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN REPLY TO
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S COST BILL**

International Paper Company ("International Paper"), by counsel, offers the following in response to Plaintiff's Objections to Defendant's Cost Bill:

**Introduction**

Plaintiff objects to all costs of depositions sought on the grounds that "there was not trial and no reading into the record of depositions," and because "several of the depositions were used only sparingly in Defendant's Motion for summary judgment." See Pls. Obj. to Def.'s Costs Bill, ¶ 1. Plaintiff also contends that deposition testimony could have been obtained by affidavit. Id. These arguments are without merit.

**Argument and Authority**

Defendant's request to be compensated for the costs of the depositions set forth in the Bill of Costs is both reasonable and supported by the case law. In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the United States Supreme Court held that a district court

may award costs for those elements contained in 28 U.S.C. § 1920, which provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case ...

In <u>Sales v. Marshall</u>, 873 F.2d 115, 120 (6th Cir. 1989), the Sixth Circuit stated that the costs of taking and transcribing depositions reasonably necessary for the litigation are ordinarily allowed to the prevailing party. The Court further held that necessity is to be determined when the deposition is taken, and not by reference to whether the deposition was used at trial. <u>Id</u>. Thus, the fact that a deposition is not used at trial should not control a court's determination. <u>Id</u>. ((citing <u>Lavay Corp. v. Dominion Fed. S & L, Ass'n</u>, 830 F.2d 533, 528 (4th Cir. 1987). <u>See also</u> <u>Cook v. VFS, Inc.</u>, 2000 U.S. Dist. Lexis 15621 (S.D. Ohio Sept. 27, 2000) (granting costs for depositions used in obtaining summary judgment).

All of the depositions for which Defendants seek to recover costs in this case were reasonably necessary at the time they were taken. Indeed, they were all used in support of Defendant's summary judgment. Plaintiff's summary allegation that they were used only sparingly is baseless. The fact is that all of these depositions were of witnesses with critical testimony. For example, Tim Bray – whose deposition Plaintiff claims was used "only formally" – was the Plaintiff's representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure. The other witnesses were involved in the very decisions that Plaintiff challenged in its lawsuit. It was perfectly appropriate for Defendant to take the depositions of these witnesses. Additionally, while Plaintiff now contends (without any factual basis) that Defendant could have obtained affidavits from some of these witnesses, it is elementary that it was not required to do so. Rather, as it was entitled to do, Defendant elected to take the depositions of those witnesses with

information relevant to the allegations in Plaintiff's Complaint. As this Court has found, those depositions helped demonstrate that Plaintiff's claims failed as a matter of law. Accordingly, Defendant is entitled under Rule 54 to recover the costs incurred in taking those depositions.

Lastly, Plaintiff also objects to Defendant's request for the cost of copies of depositions.[1] However, that is not what Defendant has requested. Rather, Defendant has requested costs for copies of its summary judgment. It is entitled to recover these costs.

For these reasons, Defendant requests that the Court grant Defendant the costs set forth in its Bill of Costs.

                    Respectfully submitted,

                    INTERNATIONAL PAPER COMPANY

                    _____
                    Michael A. Roberts (0047129)
                    *Attorney for Defendant*

OF COUNSEL:          GRAYDON HEAD & RITCHEY LLP
                               1900 Fifth Third Center
W. Carter Younger      511 Walnut Street
McGuireWoods LLP      Cincinnati, OH 45202-3157
One James Center       Phone: (513) 629-2799
Richmond, VA 23219     Fax:   (513) 651-3836
                               E-mail: mroberts@graydon.com

---

[1] As set forth in Line 3 of our Bill of Costs, Defendant seeks its costs in obtaining one original copy of the transcript per deponent used for its Motion for Summary Judgment. It is not seeking the costs of reproduction of those transcripts.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and has been mailed first class, postage prepaid, this 19th day of April 2004 to:

Robert I. Doggett
215 East Ninth Street, Sixth Floor
Cincinnati, Ohio 45202

Michael A. Roberts by [signature]
0072489